292 So.2d 606 (1974)
Jeff MOESSINGER, a Minor, et al., Appellants,
v.
Jacqueline JOHNSON, a Minor, by Her Next Friend, Jack Johnson, Her Father, et al., Appellees.
No. 72-872.
District Court of Appeal of Florida, Second District.
February 20, 1974.
Rehearing Denied May 2, 1974.
John T. Allen, Jr., and Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellants.
Robert A. Douglass, of Brown, Watson, Goldstein & Douglass, St. Petersburg, for appellees.
*607 McNULTY, Judge.
In this negligence action appellees Johnson sued appellants Moessinger who were owners of a horse named "Spice" which, while being ridden by a 12 year old friend of appellant Jeff Moessinger, ran into an automobile causing injury to appellee Jacqueline Johnson who was a passenger therein. A judgment was rendered on a verdict in favor of the plaintiffs Johnson and this appeal ensued. We reverse.
Considering the facts most strongly against appellants, as we must do in the present posture of the case, it appears that the rider of "Spice" was given permission by the Moessingers to take the horse outside the pasture to a neighborhood store to get a Coke. This necessitated crossing the busy thoroughfare on which the accident herein occurred. The horse was gentle but "frisky" because of his young age, but it doesn't appear that the disposition of the horse was a material issue at trial. Finally, the evidence is sufficient to support a finding by the jury that the 12 year old rider was negligent.
The dispositive question devolves, then, whether on these facts the Moessingers, as bailors of the horse, negligently breached any legal duty owed to the Johnsons (third-parties) so as to render them liable in damages. The only instruction given by the trial court on this point is as follows:
"The issues for your determination on the claim of the plaintiffs against the defendants are whether Earl Aydelotte was negligent in the control of the horse he was riding, and if so, whether such negligence was a legal cause of injury to the plaintiff.
You must also determine whether the defendant owned the horse, and whether Earl Aydelotte was riding the horse with the express or implied consent of the defendants, Moessinger.
"A person who owns a horse and who expressly and/or impliedly consents to another's use of it is responsible for such use." (Italics ours.)
Obviously, the trial judge imposed vicarious liability on the part of the Moessingers as though the horse were a dangerous instrumentality such as an automobile. We think he was wrong.
First of all, a domesticated animal is presumed not to be vicious or dangerous.[1] Additionally, the almost universally accepted rule is that a bailor in an ordinary bailment not involving a dangerous instrumentality is not liable for an injury to a third person in the use of the bailed property unless, of course, he is guilty of an independent act of negligence which proximately contributes to the cause of the injury. The rule is stated in Florida Jurisprudence as follows:[2]
"Generally, the bailor is not liable for an injury to a third person caused by the negligence of the bailee in the use of the bailed property, at least in the absence of negligence on the part of the bailor arising from the dangerous or defective condition of the bailed property, or in entrusting a dangerous article to one whom he knows to be unfamiliar with its dangerous quality, uninstructed in its use, or incompetent to use due care.
* * * * * *
"The general rule on nonliability of the bailor should apply whether the bailment is for hire or gratuitous, inasmuch as in both classes of bailment, possession and control of the property bailed has passed from the bailor to the bailee as completely as if there had been a sale."
We hold, therefore, that absent an independent act of negligence on the part of appellants which satisfies proximate causation they breached no legal duty to the Johnsons.
*608 Now concerning the question of whether appellants were negligent we've already noted that no great issue was made at trial that the horse had dangerous propensities of which appellants were aware. But appellees' counsel argued before the jury, and now before us, that appellants were themselves negligent in not "checking out" the competence of the rider even if it be assumed the horse was gentle. Be that as it may, the jury was not charged on that point either, so neither of the foregoing theories of possible independent negligence on the part of appellants was tried or resolved. Indeed, appellants' liability, as far as the court's charge is concerned, was predicated solely on their ownership of the horse together with their consent to its use by the negligent rider. This is not the law.
In view of the foregoing, therefore, the judgment appealed from should be, and it is hereby, reversed and a new trial is awarded.
Reversed.
MANN, C.J., and HOBSON, J., concur.
NOTES
[1] See, e.g., 85 A.L.R.2d 1162, § 2.
[2] 4 Fla.Jur., Bailments, § 17, p. 194.